



RECEIVED
5/26/2026 PJJ
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED
5/29/2026 MEN
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| | ) | **United States District Court** |
| | ) | **Northern District of Illinois** |
| **LYNN D'AGOSTINO-LOPES,** | ) | |
| | ) | Case Number: |
| Plaintiff, | ) | |
| | ) | **1:26-cv-06247** |
| vs. | ) | **Judge Manish S. Shah** |
| | ) | Judge: **Magistrate Judge M. David Weisman** |
| | ) | **RANDOM / Cat. 3** |
| **THE ALLSTATE CORPORATION,** | ) | |
| **ALLSTATE INSURANCE COMPANY and** | ) | Magistrate Judge: |
| **ALIGHT SOLUTIONS LLC** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### PARTIES

1. The Plaintiff, Lynn D'Agostino-Lopes, hereinafter referred to as "Plaintiff" is an individual residing in Union County, New Jersey and a former employee of Allstate Insurance Company.

2. The Defendant, The Allstate Corporation, is a corporation doing business in New Jersey and Illinois and is the sponsor of the relevant retirement plans.

3. The Defendant, Allstate Insurance Company, is a corporation doing business in New Jersey and Illinois who administered, managed, and/or exercised control over the retirement plans at issue.

4. The Defendant, Alight Solutions, LLC, is a Limited Liability Company doing business in New Jersey and Illinois who provides administrative and/or recordkeeping services for the plans and exercised discretionary authority and/or control over plan administration.

5. The Defendants, The Allstate Corporation, Allstate Insurance Company and Alright Solutions, LLC, hereinafter will be collectively referred to as "Defendants."

6. At all times relevant Defendants were fiduciaries within the meaning of 29 U.S.C. Sec 1002(21)(A) to the extend they exercised discretionary authority or control over plan management or administration.

**VENUE**

7. In accordance with the Allstate Retirement Plan Summary Plan Description "any legal action involving the Plan that is brought by any participant, beneficiary, or other person must be brought in the United States District Court for the Northern District of Illinois and no other federal or state court." A true and accurate copy of the Allstate Retirement Plan Summary Plan Description page 28 dated January 2022 is annexed here to as **"EXHIBIT A"** .

**FACTS**

8. The Plaintiff was an employee of Allstate Insurance Company for approximately 21 years from August of 1996 to her retirement on or about December 31, 2017 .

9. While the Plaintiff was employed at Allstate Insurance Company she participated in three different retirement plans: (1) The Allstate 401(k) Savings Plan; and two Allstate pension plans known as (2) The Final Average Pay Benefit Plan; and (3) The Cash Balance Benefit Plan.

10. On or about January 27, 2025, Plaintiff notified Allstate she would like to take the lump sum payment option from her two Allstate pension plans and roll them over

into her Allstate 401(k) Savings Plan. A true and accurate copy of the "Confirmation of Pension Choices" dated January 28, 2025, is annexed here to as **"EXHIBIT B"**.

11. On or about March 3, 2025, Plaintiff completed and submitted to Allstate Insurance Company her "Pension Choices Authorization" form. A true and accurate copy of the e-mail dated March 3, 2025, from the Allstate Benefits Center confirming receipt of the "Pension Choices Authorization" form is annexed here to as **"EXHIBIT C"**.

12. On or about March 5, 2025, Defendant, Allstate Insurance Company, confirmed receipt and processing of Plaintiff's "Pension Choices Authorization" form and stated Plaintiff's lump sum payment would be made on **April 4, 2025**. A true and accurate copy of the Allstate Benefits Center statement dated March 5, 2025, is annexed here to as **"EXHIBIT D"**.

13. On or about March 25, 2025, Plaintiff received a text message from Allstate Insurance Company stating "We've finalized your pension calculation. Your lump sum payment date is **04-04-2025**". A true and accurate copy of the March 25, 2025, text message from Allstate Insurance Company to Plaintiff is annexed here to as **"EXHIBIT E"**.

14. On or about April 4, 2025, Plaintiff completed the "Rollover Contribution Form" for Allstate's 401(k) Savings Plan so that a total of $307,115.95 from Plaintiff's Allstate pension plans could be directly deposited into the Plaintiff's Allstate 401(k) Savings Plan by way of a "Direct Rollover". A true and accurate copy of the Allstate Benefits Center statement dated April 4, 2025, is annexed here to as **"EXHIBIT F"**.

15. Based on the communications and documentation from Defendants, it was Plaintiff's understanding that the funds would be deposited on **April 4, 2025.**

16. Between April 5, 2025, and April 25, 2025, Plaintiff made several telephone calls to the Allstate's Benefits Center regarding the status of the deposit of the rollover funds as they were not reflected as having been deposited into her 401(k) Savings Plan on the Allstate Benefits website. It was during these calls the Plaintiff learned, for the first time, the funds were not electronically transferred but rather a paper check was issued by the Allstate Pension Department in Chicago, Illinois and mailed via regular "snail mail" to the Allstate 401(k) Savings Plan Department located in Lewisville, Texas.

17. Finally, on April 25, 2025, after several follow-up calls to the Allstate Benefits Center, the Plaintiff spoke with Barbara, an Allstate Benefits Center representative, regarding the delay in the deposit of her rollover funds. Barbara advised Plaintiff that the rollover check Allstate had issued had been lost, that it had been sent without any form of tracking and that she was escalating the issue to her manager. When Plaintiff expressed her concern that the delay of the funds being invested into the S&P 500 Fund within her 401(k) was resulting in damages to her, Barbara advised Plaintiff she should be happy her money was not being deposited into the stock market when it was down. Barbara then advised Plaintiff her managers had approved the issuing of a new check and assured Plaintiff it was going to be sent out overnight mail. Contrary to this assurance, the replacement check was sent via

priority mail and was not deposited into Plaintiff's Allstate 401(k) Savings Plan until **May 5, 2025**.

18. It is Plaintiff's position that the delay in processing of Plaintiff's pension fund rollover was caused by the use of; (1) a paper check rather than an electronic transfer, (2) regular "snail" mail for the initial paper check, (3) the loss of that check by Defendants and/or the US Postal Service, (4) the failure on the part of Defendants to ensure a tracking method was in place, (5) mis-information provided by Defendants' Benefits Representative, Barbara, who stated to Plaintiff, "You should be happy the money had not been placed into the market while the market was down" and (6) the failure to overnight the replacement check as promised, resulted in Plaintiff's funds being unavailable for investment in Plaintiff's Allstate 401(k) Savings Plan account from April 4, 2025 to May 5, 2025. This delay prevented Plaintiffs funds from being used to purchase shares at a time during which the market was down and thereby unnecessarily limiting the number of shares that could have been purchased had Allstate Insurance Company acted in *a reasonably prudent manner* in transferring the funds.

19. It is Plaintiff's position that the Allstate Pension Department could have electronically issued payment to the Allstate 401(k) Savings Plan Department thereby securing and streamlining the process.

20. Instead, the Allstate Pension Department intentionally utilizes a slow, cumbersome and out-of-date process which results in financial harm to plan participants and is a clear breach of Defendants' fiduciary duty to plan members as required by ERISA §

404(a), 29 U.S.C. § 1104(a) . All while allowing Defendants to benefit from the continued use of the participants funds.

21. Furthermore, since Defendants chose to send the funds with no tracking what-so-ever they assumed the risk and the consequences of the financial repercussions caused by sending a paper check, via "snail" mail, with no means of tracking, which did in fact get lost, causing further delay in the issuance of a second paper check and for providing improper investment advice.

22. Defendants have a fiduciary duty of prudence. Defendants outdated, paper-mail process, lack of tracking and misinformation resulted in a breach of Defendants' fiduciary duty to Plaintiff to act in a reasonably prudent manner.

23. In addition, electronic transfers are industry standard and the Department of Labor guidance favors efficiency to minimize participant harm.

24. Defendants, the fiduciaries of the Plan, not Plaintiff, a plan participant, should bear the financial loss which the Plaintiff suffered and which was directly caused by the Defendants' negligence.

**FIRST COUNT**

**BREACH OF FIDUCIARY DUTY (29 U.S.C. SEC. 1104)**

25. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in paragraphs "1" through "24" of the Complaint with the same force and effect as if fully set forth herein at length.

26. In accordance with 29 U.S.C. Sec 1104(a) Defendants are fiduciaries who must discharge their "duties with respect to a plan solely in the interest of the participants and beneficiaries. . ." See 29 U.S.C. Sec 1104(a)

27. Defendants must furthermore exercise their fiduciary duties "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use. . . " See 29 U.S.C. Sec 1104(a)(1)(B)

28. Defendants breached their duties by;

(a) Failing to timely process Plaintiff's rollover request;

(b) Using an unreasonable and imprudent method (untracked paper mailing) to transfer substantial plan assets;

(c) Failing to implement readily available secure and more efficient methods of transferring the funds;

(d) Failing to adequately monitor and safeguard the transfer of plan assets as evidenced by the loss of a paper check for over $300,000 in plan assets that was sent via regular mail with no means of tracking which in fact never arrived and was lost;

(e) Failure to transfer the replacement funds by overnight mail as represented would be done;

(f) Failure to use readily available safer and more efficient means of transferring the funds even when the circumstances provided a second opportunity;

(g) Providing misleading and inaccurate information and investment advice regarding the consequences of the delay.

29. Fiduciaries are liable for losses resulting from imprudent conduct and must restore the plan to the position it would have occupied but for the breach. See <u>Donovan v. Bierwirth</u>, 754 F.2d 1049 (2d Cir. 1985).

30. Individual participants may recover losses to their own accounts caused by fiduciary breaches. See <u>LaRue v. DeWolff, Boberg & Associates, Inc.</u>, 552 U.S. 248 (2008).

31. As a direct and proximate result of these breaches, Plaintiff suffered financial losses to her individual account.

## SECOND COUNT

**FAILURE TO UPDATE THE SUMMARY PLAN DESCRIPTION IN ACCORDANCE WITH ERISA 29 C.F.R. SECTION 2520.102-3 (g) and (f) AND SECTIONS 2520.104b-2 and 3.**

32. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in paragraphs "1" through "31" of the Complaint with the same force and effect as if fully set forth herein at length.

33. On or about May 9, 2025, Plaintiff requested the Allstate Retirement Plan Summary Plan Description (SPD). A true and accurate copy of the Allstate Retirement Plan (SPD) cover page received by the Plaintiff from the Defendant is annexed hereto as **"EXHIIBIT G."**

34. The SPD Defendant's provided to the Plaintiff is dated **January 2022.** See **"EXHIBIT G."**

35. The Plaintiff, relying on the address for the Secretary of the Administrative Committee, Plan Administrator and Agent for Service of Legal Process provided in the Defendants' SPD attempted several times to mail Defendants' written notice of her claim. All of Plaintiff's attempts to mail written notice to Defendants using the addresses provided for in Defendant's SPD failed.

36. Specifically, Plaintiff sent written notification of her claim to the Secretary, Administrative Committee, Allstate Retirement Plan, 2775 Sanders Road, Suite A1E, Northbrook, Illinois, the address provided in the SPD on pages 30 and 31. A true and accurate copy of pages 30 and 31 of the Allstate Retirement SPD are annexed hereto as **"EXHIBIT H."**

37. Plaintiff mailed the written notification of her claim by way of Certified Mail Return Receipt Requested. Plaintiff's attempt to send Defendants' written notification at the address provided for the Secretary, Administrative Committee, failed. A true and accurate copy of the Plaintiff's April 11, 2026, proof of mailing along with the USPS Tracking information is annexed here to as **"EXHIIBIT I."**

38. Plaintiff also sent written notification of her claim to the Trustee, The Bank of New York, Mellon, 240 Greenwich Street, New York, NY, Attn: Keith Bear, the address provided in the SPD on page 31. See **"EXHIBIT H."**

39. Plaintiff mailed the written notification of her claim by way of Certified Mail Return Receipt Requested. Plaintiff's attempt to send Defendants' written notification at

the address provided for the Trustee failed. A true and accurate copy of the Plaintiff's April 11, 2026, proof of mailing, the USPS Tracking information and a copy of the actual returned Priority Mail envelope is annexed here to as **"EXHIBIT J."**

40. Defendants' failure to properly update their SPD with a current address for the Secretary of the Administrative Committee, Plan Administrator and Agent for Service of Legal Process is in violation of ERISA 29 C.F.R. Section 2520.102-3(g) and (f).

41. In addition, Plaintiff contacted the Allstate Benefits Center with her concerns regarding a proper address for the Administrative Committee, Plan Administrator and Agent for Service of Legal Process. The Allstate Benefits representative attempted to "Google" an address and ultimately was unable to provide Plaintiff with a valid address.

42. Defendants' failure to properly update their SPD or provide Plaintiff a Summary of Material Modification in accordance with 29 C.F.R. Sec. 2520.104b-2 and 2520b-3 for what appears to be several years as well as their failure to provide even their Benefits Center with a proper address for use by Plan Participants has caused further delay in the review and processing of Plaintiff's claim which in turn has resulted in out of pocket damages to Plaintiff for mailing expenses, further damages due to Plaintiff's additional shares not being properly invested in the S&P 500 Fund during this time period and the costs, fees and time associated with having to file this lawsuit as Plaintiff was effectively prohibited by Plaintiffs failures from participating in a proper claim process.

**DAMAGES**

43. The **one-month** delay in the depositing of Plaintiff's rollover funds caused Plaintiff to suffer damages.

44. If Plaintiff's rollover funds had been deposited into her Allstate 401(k) Retirement Savings Plan on April 4, 2025, said funds would have allowed for the purchase of an additional 361 shares of the S & P 500 Fund.

45. Plaintiff respectfully requests compensation for the financial loss incurred due to the delayed rollover, calculated based on the share price of the S & P 500 Fund on April 4, 2025, at which time a fund share was $87.25 which would have allowed for the purchase of an additional 361 shares as compared to what was in fact purchased on May 5, 2025.

46. Plaintiff hereby requests an additional 361 shares of the S & P 500 Fund be purchased and added to Plaintiff's Allstate 401(k) Savings Plan account.

47. In the event Allstate is unable to add an additional 361 shares to Plaintiff's Allstate 401(k) Savings Plan account Plaintiff hereby requests to be compensated with 361 shares of VOO (Vanguard 500 Index Fund ETF) at the price upon the date this matter is settled.

48. In addition, Plaintiff hereby requests reimbursement for the loss of compound interest, dividends and share value from April 4, 2025, until such time as this matter is resolved.

49. Finally, Plaintiff requests reimbursement for all costs and fees incurred in the filing of this lawsuit along with all pre and post judgment interest and any other relief the court deems just.

I certify that the matter in controversy is not the subject of any other court action or arbitration proceedings, now pending, or contemplated, and that no other parties should be joined in the action.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated: _____5-21-26_____

_____
Lynn D'Agostino-Lopes, Pro-Se Plaintiff
262 Holly Hill, Mountainside, NJ 07092
908-403-5906

# EXHIBIT A.

**ALLSTATE RETIREMENT PLAN**

> If your claim for a disability benefit is denied, the denial notice will be provided in a culturally and linguistically appropriate manner and, in addition to the items specified above, will include:

  - a discussion of the basis for disagreeing with any disability determination by the Social Security Administration or the views of any treating physician or vocational professional who evaluated you;

  - the rules, guidelines and protocols, standards or other similar criteria that the Plan relied upon in denying your claim, or a statement that these do not exist; and

  - a statement that you are entitled to receive upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim.

> If your claim for a disability benefit is denied on appeal, in addition to all of the items specified above, the denial notice will also describe any applicable contractual limitations period and its expiration date.

> Before your disability claim is denied on appeal, you will be provided, as soon as possible and free of charge, with any new or additional evidence or rationale considered, relied upon, or generated in connection with a denial of your appeal, and you will have a reasonable opportunity to respond to the new evidence or rationale.

> If your claim is not processed in strict accordance with ERISA rules for processing disability claims, you will be deemed to have satisfied the Plan's administrative procedures and you may immediately bring a civil action under Section 502(a) of ERISA, unless the violation is a minor, good faith one that does not harm you.

Except for actions to which the statute of limitations prescribed by section 413 of ERISA applies, (1) no legal or equitable action under ERISA may start later than one year after you receive a final decision from the Administrative Committee in response to your request for review of a denied claim (or after you have been deemed to have satisfied all administrative procedures), and (2) no other legal or equitable action involving the Plan may start later than two years from the time you knew, or had reason to know, of the circumstances giving rise to the action. This provision does not bar the Plan or its fiduciaries from (1) recovering overpayments of benefits incorrectly paid to any person under the Plan at any time, or (2) bringing any legal or equitable action against any party.

Any legal action involving the Plan that is brought by any participant, beneficiary, or other person must be brought in the United States District Court for the Northern District of Illinois and no other federal or state court.

# ASSIGNMENT OF BENEFITS AND QUALIFIED DOMESTIC RELATIONS ORDERS

This Plan is intended to pay benefits only to you or your eligible survivors. Your benefits are not subject to your debts or other obligations and cannot be used as collateral for loans or assigned in any other way, except as may be required by federal or state income tax provisions or pursuant to a Qualified Domestic Relations Order (QDRO). If a QDRO is entered against you, the Plan may be required to pay all or part of your benefit to someone else sooner than the earliest date you would be eligible to receive your benefit.

A domestic relations order is a court-ordered judgment or decree under state law that requires you to pay alimony, child support or other property rights (which could include all or a portion of your benefit from this Plan) to a spouse, former spouse, child or other dependent (defined as an "Alternate Payee"). A domestic relations order must be qualified by the Plan. You will be notified if such an order is received against you.

Participants and beneficiaries can obtain, without charge, a copy of the Plan's QDRO procedures and a model domestic relations order by contacting:

QDRO Unit
Attn: Allstate P.O. Box 1433
Lincolnshire, IL 60069-1433
Phone: (888) 255-7772
Fax: (847) 883-9313

Upload electronic documents via www.QOCenter.com

| NOTE |
| --- |
| *Participant benefits, for which a domestic relations order has been received, are not payable to the Participant until the order has been qualified by the Plan, or the domestic relations order is vacated.* |

# EXHIBIT B.



**Allstate.**
You're in good hands.

Statement Date: January 28, 2025

 A000018

LYNN M. D'AGOSTINO-LOPES
262 HOLLY HILL
MOUNTAINSIDE NJ 07092

 **Allstate Good Life®**
allstategoodlife.com

 **3 ways to get the Alight mobile app:**
1. Text 'Benefits' to 67426 (U.S. Only)
2. Visit http://alight.com/app
3. Scan the QR code with your phone

# Confirmation of Pension Choices

> ### Action Needed!
> Review this statement to verify that each of your pension choices is correct. Then, complete and return the enclosed Pension Choices Authorization so it's received by **March 25, 2025** to receive your benefits. If your authorization isn't received by this date, the date your benefit begins and the amounts may change.

This statement confirms the pension choices you made on January 27, 2025. Verify each of your pension choices included on this form.

If you need to make changes to your pension choices, call the Allstate Benefits Center at 1-888-255-7772. Depending on your changes, a new Pension Choices Authorization may need to be sent to you. If you make written changes to this confirmation, the changes won't be valid and your choices as printed below will take effect.

## How to Begin Your Benefits

To begin your benefits, you must sign, date, and return the enclosed Pension Choices Authorization. Your spouse must also sign the Pension Choices Authorization on or after the date that you sign and date the form.

Do **not** return this statement. Instead, you must return the Pension Choices Authorization to finalize your payment choices. If your Pension Choices Authorization isn't received by **March 25, 2025**, the date your benefit begins and the amounts may change because you must start the retirement process again.

## Pension Choices for the Allstate Retirement Plan

This payment will be made from a plan that's intended to be qualified under section 401(a) of the Internal Revenue Code.

Delivered by Alight Solutions

415200039 01808-A000018

Confirmation of Pension Choices

| **Your Choices for the Allstate Retirement Plan – the Final Average Pay Benefit** | |
|---|---|
| **Payment Option** | Lump Sum |
| **Amount Payable to You** | $266,899.08 as a one-time payment |
| **Nontaxable Amount** | All of your $266,899.08 payment is taxable. |
| | Note that the amount you rollover is not taxable until you withdraw that amount. |
| **Amount Payable to Your Beneficiary** | No benefit will be paid to your beneficiary at your death. |

| **Your Choices for the Allstate Retirement Plan – the Cash Balance Benefit** | |
|---|---|
| **Payment Option** | Lump Sum |
| **Amount Payable to You** | $40,216.87 as a one-time payment |
| **Nontaxable Amount** | All of your $40,216.87 payment is taxable. |
| | Note that the amount you rollover is not taxable until you withdraw that amount. |
| **Amount Payable to Your Beneficiary** | No benefit will be paid to your beneficiary at your death. |

| **Your Choices for the Allstate Retirement Plan** | |
|---|---|
| **Date You Receive Your Benefit** | April 1, 2025 |
| **Where Rollover Payment Is Sent** | $307,115.95 |
| | THE ALLSTATE 401K SAVING PLAN<br>ALLSTATE BENEFITS CENTER<br>DEPT 01808- PO Box 299100<br>LEWISVILLE, TX 75029<br>Account Number: xxxxx0039<br>Rollover Type: Qualified Plan |
| | Note that the amount you rollover to an account other than a Roth IRA is not taxable until you withdraw that amount. |
| **Federal Income Tax Withholding** | Withhold Nothing |

Confirmation of Pension Choices                                                    Page 3

| | Your Choices for the Allstate Retirement Plan |
|---|---|
| **State Income Tax Withholding** | State: NJ<br>Withhold Nothing |

## For More Information

 **Online**
Allstate Good Life®
allstategoodlife.com

 **Phone**
8 a.m. to 6 p.m., Central Time, Monday through Friday
1-888-255-7772
Generally, you'll have a shorter wait time if you call after Tuesday.

 **Fax**
1-847-883-8244
Cover letter not necessary

 **Mail**
Allstate Benefits Center
DEPT 01808
PO Box 299100
Lewisville, TX 75029-9100

Allstate Good Life® is a registered trademark of Allstate Insurance Company.

415200039 01808-A000018

# EXHIBIT C.

 Outlook

---

## Your Documentation Was Received

---

**From** Allstate Benefits Center <Benefits@AllstateGoodLife.com>

**Date** Mon 3/3/2025 11:32 AM

**To** JALLMD@hotmail.com <JALLMD@hotmail.com>

Thank you! We received the documentation you submitted to Allstate Benefits Center. No further action is needed at this time.

To see your account details, visit allstategoodlife.com

This email was generated automatically and can't accept replies.

---

The information contained in this email may be confidential or otherwise protected from disclosure. If you're not the intended recipient, or if it was sent to you in error, please delete this email. Any dissemination, distribution or other use of the contents of this email by anyone other than the intended recipient is strictly prohibited.

EXHIBIT D.



**Allstate.**
You're in good hands.

Statement Date: March 5, 2025

 A000014

LYNN M. D'AGOSTINO-LOPES
262 HOLLY HILL
MOUNTAINSIDE NJ 07092

 **Allstate Good Life®**
allstategoodlife.com

 **3 ways to get the Alight mobile app:**
1. Text 'Benefits' to 67426 (U.S. Only)
2. Visit http://alight.com/app
3. Scan the QR code with your phone

# Confirmation of Pension Choices Authorization

This statement confirms your Pension Choices Authorization was received and processed.

Your lump-sum payment will be made on **April 4, 2025**.

## For More Information

 **Online**
Allstate Good Life®
allstategoodlife.com

 **Phone**
8 a.m. to 6 p.m., Central Time, Monday through Friday
1-888-255-7772
Generally, you'll have a shorter wait time if you call after Tuesday.

Allstate Good Life® is a registered trademark of Allstate Insurance Company.

Delivered by Alight Solutions

415200039 01808-A000014



EXHIBIT E.

4:08



67426

Tue, Mar 25 at 7:35 PM

We've finalized your pension calculation. Your lump sum payment date is 04-04-2025. If you received this text in error, call 1-888-255-7772. Text replies aren't accepted.

Fri, Apr 4 at 11:13 AM

The one time access code you requested is 967943. If you received this text in error, call 888-255-7772. Text replies aren't accepted.

LYNN, a communication delivery preference was

+ Text Message • SMS

EXHIBIT F.

*Lynn D'Agostino-Lopes*



**Allstate.**
You're in good hands.

**Statement Date: April 4, 2025**

🌐 **Allstate Good Life®**
allstategoodlife.com

**3 ways to get the Alight mobile app:**
1. Text 'Benefits' to 67426 (U.S. Only)
2. Visit http://alight.com/app
3. Scan the QR code with your phone

LYNN M. D'AGOSTINO-LOPES
262 HOLLY HILL
MOUNTAINSIDE NJ 07092

# Rollover Contribution Form
# Allstate 401(k) Savings Plan

## I. INSTRUCTIONS

This form must be completely and accurately filled out in order to have your rollover deposited into the Allstate 401(k) Savings Plan. Read this form carefully and follow the instructions provided. Prior to returning this form, we suggest you call a Allstate Benefits Center representative if you have any questions.

If you don't completely and accurately fill out this form, or you don't provide the required documentation as specified below, **your request won't be processed.** Any missing or incomplete information will cause a delay in your rollover contribution being deposited into your account.

**Rollover Amount**
The amount you're rolling over is from (check applicable box):

☒ Prior employer plan

☐ Individual Retirement Account (IRA)

Name of prior employer plan or IRA: _Allstate Retirement Plan_

Rollover Contribution Amount $ _307,115.95_

Your rollover will be applied as pre-tax dollars unless the documentation received from your prior employer plan indicates otherwise.

Delivered by Alight Solutions



Rollover Contribution Form                                              **Page 2**

If you're rolling over any Roth balances by a direct rollover, the documentation from your prior employer plan must indicate your Roth begin date for you to receive credit for that date.

**Investing Your Rollover Amount**

Your rollover contribution will be invested based on your future investment choices already on file. If none are on file, your rollover contribution will be invested in the 2035 Target Retirement Date Fund. To review or update your investment choices, access Allstate Good Life® at allstategoodlife.com.

**Rollover Check**
The rollover check, in the case of either a direct or 60-day indirect rollover, must be made payable to the plan in one of the following ways:

- Allstate 401(k) Savings Plan for the benefit of LYNN D'AGOSTINO-LOPES
- Allstate 401(k) Savings Plan FBO LYNN D'AGOSTINO-LOPES

To do a 60-day indirect rollover, send the check that was made payable to you from your prior employer plan or IRA; however, you must first endorse the back of the check and make it payable to the plan.

Personal checks will **not** be accepted and will be returned to you.

## II. CERTIFICATION

I certify that all information contained in this statement is complete and accurate. I certify that the amount of my rollover contribution represents only amounts that are eligible to be rolled over into the Allstate 401(k) Savings Plan. If any of the rollover contribution is subsequently determined to be ineligible for rollover, I understand that the plan will distribute the ineligible amount and any attributable earnings, if applicable.

_____          ___4-4-25_____
**Signature**                                                    **Date**

## III. NEXT STEPS

Keep a copy of this form for your records. Then send **all** pages from Sections I, II and III of this completed form, along with the required documentation and rollover check by either:

**Submission Steps**

☐   Complete section I with your rollover information.
☐   Attach copies of the proper documentation, as outlined under section D below, to this form.
☐   Print your name and                         ' at the top of the right-hand corner of each page you're sending.

Lynn D'Agostino-Lopes

Rollover Contribution Form                                                                                      Page 3

☐ Sign and date the form under section II above.

☐ Enclose (or mail) the check for the rollover amount made payable to the Allstate 401(k) Savings Plan FBO LYNN D'AGOSTINO-LOPES.

☐ Send your form and supporting documentation (your check must be mailed). You can submit by:

- **Upload:**
  1. Create an electronic version of your completed form (such as use your printer to scan it into a file, or take photos of each page).
  2. Upload your document online by choosing "Send Your Documents" on the Savings & Retirement page.

- **Fax:**
  1-847-883-8244

  A separate cover page is not needed.

  Mark the total number of pages to be faxed at the top of the form.

- **Overnight Mail:**
  Allstate Benefits Center
  DEPT 01808
  2671 Edmonds Ln STE 200
  Lewisville, TX 75067

- **Postal Mail:**
  Allstate Benefits Center
  DEPT 01808
  PO Box 299100
  Lewisville, TX 75029-9100

Before returning this form, check to make sure you have:

☐ Completed section I with your rollover information.

☐ Attached copies of the proper documentation, as outlined under section D below, to this original form.

☐ Signed and dated the form under section II above.

☐ Enclosed (or mailed) the check for the rollover amount made payable to the Allstate 401(k) Savings Plan FBO LYNN D'AGOSTINO-LOPES.

☐ Made a copy of this form for your personal records.

When you provide a check for deposit, you authorize the trust's bank either to use information from your check to make a one-time electronic fund transfer from your account or to process this activity as a check transaction. When information from your check is used to make an electronic fund transfer, funds may be withdrawn from that account as soon as the same day the bank receives your plan deposit, and you will not receive your check back from your financial institution.

**Note:** Your request will be reviewed within 2-3 business days of receiving your documentation. If your rollover contribution can't be processed, you'll receive a notice explaining the reason(s) why and next steps to take.

If the sending plan requires an account number, your account number is

**Detailed eligibility and documentation requirements can be found on the following pages.**

Rollover Contribution Form

Rollover Contribution Form                                                                 Page 5

## Allstate 401(k) Savings Plan Rollover Guidelines

Do not return this section of the form. This section of the Rollover Contribution Form is for informational purposes only.

## A. GENERAL INFORMATION

In order to make a rollover contribution, you must:

- Be eligible to participate in the Allstate 401(k) Savings Plan.
- Complete and return this form to the Allstate Benefits Center, along with the proper documentation showing that the amount is eligible to be rolled over.
- Enclose a check from your prior employer plan or individual retirement account (IRA), for the rollover amount. For a 60-day indirect rollover, you may send in a certified check, cashier's check, or money order. **Note:** the Allstate 401(k) Savings Plan doesn't accept share certificates as part of a rollover contribution.

If you haven't already designated a beneficiary for the Allstate 401(k) Savings Plan, you must access the Allstate Good Life® website or call the Allstate Benefits Center to make your beneficiary designation.

## B. WHAT AMOUNTS CAN BE ROLLED OVER

**Rollover Type**
Your rollover contribution to the plan may be done by direct rollover or 60-day indirect rollover.

**Direct Rollover**
A direct rollover occurs when your prior employer plan or individual retirement account (IRA) makes the rollover payable directly to the plan.

**60-Day Indirect Rollover**
A 60-day indirect rollover occurs when the eligible amount is paid to you and you have 60 days from the date the distribution was made to deposit any of the eligible amount with the Allstate 401(k) Savings Plan. If you're doing a 60-day rollover and you wish to roll over the entire eligible amount, you'll have to use other sources to replace the 20% withholding that was taken when the distribution was paid to you.

Note: You have longer than 60 days to indirectly roll an amount as a result of a loan foreclosure (also known as a loan default or loan offset) from a prior plan as long as the default occurred within 12 months of your employment termination date. If so, you have until your tax filing date for the taxable year in which the loan was foreclosed. If the loan foreclosure date was greater than 12 months from your employment termination date, you have only 60 days.

**Eligible Amounts**
The following amounts are eligible for rollover into the plan:

- Pre-tax (taxable) amounts from an eligible employer plan. These are any amounts contributed to your account that you've not yet paid taxes on. This includes any pre-tax contributions, as well as the taxable earnings received on contributions to your account.

Rollover Contribution Form                                                    Page 6

- Roth amounts from an eligible employer plan, direct rollover only. These are amounts that you've contributed to a Roth account and already paid taxes on. It may also include the earnings received on the Roth contributions.
- Pre-tax (taxable) amounts from an IRA. You're responsible for ensuring that the rollover contribution you're making to the plan doesn't contain any after-tax (also known as nondeductible) amounts from an IRA.

**Eligible Plans**
Employer plans eligible for rollover include:

- Any qualified plan under section 401(a) of the Internal Revenue Code (for example, 401(k), defined benefit (pension) plan, employee stock ownership plan (ESOP))
- Section 403(a) annuity
- Section 403(b) plan
- Section 457(b) governmental plan
- Federal Thrift plan

## C. WHAT CAN'T BE ROLLED OVER

**Ineligible Amounts**
The following amounts aren't eligible for rollover into the plan:

- After-tax (nontaxable) contributions from an eligible employer plan. These are amounts that you've already paid taxes on to a non-Roth account. **Note:** Earnings on after-tax contributions are considered a pre-tax amount that will be taxable to you and are eligible for rollover.
- Amounts from a Roth IRA
- After-tax contributions you made to a traditional IRA (also referred to as nontaxable or nondeductible contributions)
- Amounts paid to you as part of a series of equal or almost equal payments that are made at least once a year and that will last for a) your lifetime (or your life expectancy); b) your lifetime and your beneficiary's lifetime (or your joint life expectancies); or c) a specified or expected period of ten or more years
- Required minimum distribution payments
- Hardship distributions
- Payments made to you as a nonspouse beneficiary or a nonspouse alternate payee
- Pass through dividend payments

## D. WHAT DOCUMENTATION IS REQUIRED

**Required Supporting Documentation**
You must provide documentation showing that the rollover contribution is from an eligible plan and is eligible to be rolled into the plan. If sufficient documentation isn't provided, you'll be required to provide additional information to confirm rollover eligibility. Your rollover won't be processed until the necessary documentation is received.

Rollover Contribution Form                                                                          Page 7

To demonstrate that the rollover contribution is from an eligible plan and is eligible to be rolled into the plan, submit a copy of the distribution statement (also known as payment confirmation), IRS Form 1099-R, or letter that you received from your prior employer plan or IRA following your distribution. This documentation will likely include items such as:

- Plan name
- Gross distribution (total amount of payment before deductions)
- Taxable amount (portion of the payment that will be taxable to you when you withdraw it from the plan)
- Federal withholding (taxes withheld from the payment)
- Date of distribution (required if you are doing an indirect rollover)
- Contributions you deferred as after-tax and/or Roth, if applicable
- Roth begin date, if applicable. (If no date is received, your Roth begin date will be either the date your rollover contribution was deposited into the plan or the date you first made a Roth contribution to the plan – whichever is the earlier date).

Provide only copies of the supporting documentation and do not submit any original documentation (except for this form). Documentation submitted for rollover processing can't be returned to you.

To be approved, you must submit the required supporting documentation along with your check and signed Rollover Contribution Form.

## Protect Your Data

Maintaining the security of your account is important. In addition to the strict security measures and procedures we take to limit risk, below are commonsense steps you can follow to protect your account:

- **Keep all contact information (including mobile number) up to date** so that we may contact you quickly if we suspect suspicious activity.
- **Update security software on any device you use to access your account.** Use a private device and a protected wireless connection.
- **Choose a password that you'll only use for this account.** Don't save your logon information on a device.
- **Do not share your account access or logon information** with anyone, including friends and family.
- **Contact us immediately if:**
  - Your account logon information was compromised or your account-related information was affected by identity theft (for example, if someone's using your credentials to impersonate you).
  - You receive any communications about suspicious account activity.

Rollover Contribution Form

• Page 8

# For More Information

 **Online**
Allstate Good Life®
allstategoodlife.com

 **Phone**
8 a.m. to 6 p.m., Central Time, Monday through Friday
1-888-255-7772
Generally, you'll have a shorter wait time if you call after Tuesday.

 **Fax**
1-847-883-8244
Cover letter not necessary

 **Mail**
Allstate Benefits Center
DEPT 01808
PO Box 299100
Lewisville, TX 75029-9100

Allstate Good Life® is a registered trademark of Allstate Insurance Company.

EXHIBIT G.

# Allstate Retirement Plan

This Summary Plan Description ("SPD") describes the provisions of the Allstate Retirement Plan (the "Plan") in effect as of January 1, 2022.

The Cash Balance provisions of the Plan are described at pages 5-31.

The attached Appendix A describes provisions applicable to participants with a preserved December 31, 2013, Final Average Pay Benefit.

The attached Appendix B describes how Cash Balance Benefit Pay Credits were determined January 1, 2003, through December 31, 2013.

The attached Appendix C describes provisions applicable to participants with a frozen December 31, 2013, former Agents Pension Plan Benefit.

# EXHIBIT H.

## Legal Fees

Any award of legal fees against the Plan, the Company or any of its affiliates, any of the Plan committees or their members, the Board of Directors, any Plan fiduciary, or any officers, directors, employees, or agents (collectively, the "Plan Parties") in connection with an action involving the Plan shall be calculated pursuant to a method that results in the lowest amount of fees being paid, which amount shall be no more than the amount that is reasonable. In no event shall legal fees be awarded against Plan Parties for work related to (a) administrative proceedings under the Plan; (b) unsuccessful claims brought by a Participant, beneficiary, or any other person; or (c) actions that are not brought under ERISA.

# IDENTIFYING INFORMATION

**Name of Plan:**

Allstate Retirement Plan

**Plan Number:**

002

**Type of Plan:**

Defined benefit, providing a Cash Balance Benefit (Note: Some participants may also have a preserved December 31, 2013 Final Average Pay Benefit or a frozen December 31, 2013 former Agents Pension Plan Benefit).

**Plan Year:**

The 12-month period beginning on January 1 and ending on the following December 31

**Plan Sponsor:**

The Allstate Corporation
2775 Sanders Road, Suite A1E
Northbrook, Illinois 60062-6127

**Employer Identification Number:**

36-3871531

**Participating Employers:**

➢ Allstate Insurance Company,

➢ Direct General Insurance Company,

➢ National General Management Corp.,

➢ Syndeste, LLC, and

➢ Velapoint, LLC.

**Plan Administrator and Agent for Service of Legal Process:**

Secretary, Administrative Committee
Allstate Retirement Plan
2775 Sanders Road, Suite A1E
Northbrook, Illinois 60062-6127
(847) 402-8827

Service of legal process may also be made upon the Trustee.

**Administrative Committee:**

Secretary, Administrative Committee
Allstate Retirement Plan
2775 Sanders Road, Suite A1E
Northbrook, Illinois 60062-6127
(847) 402-8827

**Trustee:**

The Bank of New York Mellon
240 Greenwich Street
New York, NY 10286
Attn: Keith Bear

**Record Keeper for Participant Services:**

Alight Solutions LLC is the Plan's record keeper for Participant services. You may access these services as follows:

- Website:

  AllstateGoodLife.com

- Toll-free Phone Number:

  (888) 255-7772

- Mailing Address:

  Allstate Benefits Center
  DEPT 01808
  P.O. Box 1590
  Lincolnshire, Illinois 60069-1590

**Individual Retirement Plan Provider:**

Millennium Trust Company, LLC
2001 Spring Road, Suite 700
Oak Brook, Illinois 60523
(877) 682-4727

# EXHIBIT I.

**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☒ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☒ Adult Signature Restricted Delivery $ _____

Postmark Here

APR 1 2026

MOUNTAINSIDE NEW JERSEY 07092-USPS

Postage
$

Total Postage and Fees
$

Sent To Secretary Administrative Committee
Street and Apt. No., or PO Box No. Allstate Retirement Plan 2775 Sanders Rd Suite A1E
City, State, ZIP+4® Northbrook, IL 60062-6127

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

9589 5270 2180 6071 68

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark Here

APR 1 2026

MOUNTAINSIDE NEW JERSEY 07092-USPS

Postage
$

Total Postage and Fees
$

Sent To The Bank of New York Mellon
Street and Apt. No., or PO Box No. 240 Greenwich St.
City, State, ZIP+4® New York, NY 10286 ATT: Keith Bear

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

9589 5270 2180 6071 51

EXHIBIT J.

Ms. Lynn D'Agostino-Lopes
262 Holly Hl
Mountainside, NJ 07092-1916

DV DANIELS NJ 070

2026 PM 4 L

9589 0710 5270 2180 6071 51

U.S. POSTAGE PAID
FCM LETTER
MOUNTAINSIDE, NJ 07092
APR 11, 2026

**$10.48**

S2324P503803-22

Return To
for additional Info.
Sender.

Cannot Locate

The Bank of New York Mellon
240 Greenwich St.
New York, NY 10007
ATT: Keith Bear

10007

Retail

UNITED STATES
POSTAL SERVICE®

RDC 99

DV DANIELS NJ 070

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)* \| C. Date of Delivery |
| 1. Article Addressed to:<br>The Bank of New York Mellon<br>240 Greenwich Street<br>New York, NY 10007<br>ATT: Keith Bear | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |

‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 9690 5199 0392 42

2. Article Number *(Transfer from service label)*
9589 0710 5270 2180 6071 51

| 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ ...d Mail<br>☐ ...d Mail Restricted Delivery<br>   $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

